# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2013

Lyle W. Cayce
Clerk

No. 12-50179
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PABLO BENITEZ-BENITEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1138-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to illegal reentry following deportation, Pablo Benitez-Benitez appeals his within-guidelines sentence of 82 months of imprisonment. He argues that the advisory guidelines range is unreasonably high because it does not take into account: the lack of empirical basis underlying U.S.S.G. § 2L1.2, on which the sentence was based; the remoteness of his prior criminal activity; his motives for returning to the United States, which included fear of the violence he faced in his home country; and the harsh consequences of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

being an alien in prison. He also argues that his sentence reflects an unwarranted sentencing disparity because he could not participate in a fast-track program and that the sentence should not be afforded a presumption of reasonableness because § 2L1.2 is unsupported by empirical data.

Following *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51 (2007). Nevertheless, the district court must still properly calculate the advisory guidelines range for use in deciding the sentence to impose. *Id.* This court reviews the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The district court considered and rejected Benitez's reasons for a more lenient sentence. It determined a within-guidelines sentence was appropriate, especially in light of Benitez's criminal history and the need to deter future criminal activity. Benitez seeks to have this court re-weigh the § 3553(a) factors. But the fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Thus, Benitez has not shown that his sentence was substantively unreasonable. *See id.* He also has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Benitez recognizes his contentions regarding fast-track disparities are foreclosed in this circuit, *see id.* at 563 n.4, as are those regarding the lack of empirical data underlying § 2L1.2, *see United States v. Duarte*, 569 F.3d 528,

529-31 (5th Cir. 2009).  He raises them here only to preserve them for possible future review.

AFFIRMED.